

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OCARIO RUIZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-246-A |
| | § | (NO. 4:10-CR-73-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Ocario Ruiz,
under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.
Having reviewed the motion, the record, and applicable legal
authorities, the court concludes that none of the grounds for
relief have merit and the motion should be denied.

I.

Background

Movant was indicted on a single count of conspiracy to
possess with intent to distribute 500 grams or more of cocaine,
in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(b).
Movant pleaded guilty to the one-count indictment, and on
September 17, 2010, the court sentenced him to a 360-month term
of imprisonment and a four-year term of supervised release.

Movant appealed his sentence. The United States Court of Appeals for the Fifth Circuit affirmed, <u>United States v. Ruiz</u>, 436 Fed. App'x. 361 (5th Cir. 2010), and movant did not seek certiorari review. Movant timely filed a motion seeking relief under 28 U.S.C. § 2255.

II.

<u>Treatment of § 2255</u>

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. 1981).

2

III.

## Grounds of Motion

The court now turns to the four grounds of relief that movant has asserted under his ineffective assistance of counsel claim, directed against his trial and appellate counsel, James Warren St. John. In his motion, movant states the grounds of relief as:

> First Point of Error: Counsel was ineffective for advising and permitting Movant to enter a guilty plea without aid or benefit of a plea agreement;
>
> Second Point of Error: Counsel was ineffective for failing to ensure that government had complied with provisions of 21 U.S.C. § 851 before seeking a statutorily enhanced sentence;
>
> Third Point of Error: Counsel was ineffective for failures in methods of objecting to and appealing aggravating enhancement under § 2D1.1(b)(4);
>
> Fourth Point of Error: Counsel was ineffective for failing to properly argue and appeal denial of acceptance of responsibility reduction; for each of these errors, Movant was prejudiced thereby.

Memo. at 5.

The court is also evaluating the fourth ground as a challenge to the court's alleged misapplication of the sentencing guidelines.

IV.

Analysis

A.   Ineffective Assistance of Counsel Claim

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

   1.   Counsel's Alleged Failure to Advise Movant of Plea
        Agreement

In the first ground of his ineffective assistance of counsel claim, movant contends that counsel failed to properly advise him about the existence of a plea agreement before movant entered his plea in court. On this point, movant contends that "on the ill-conceived advice of counsel, [he] entered an open plea of guilty without aid or benefit of an agreement and opened the door

4

to a sentence which could have been no worse had he put the government to its burden and proceeded to trial." Memo. at 6.[1] He asserts that "[t]his begs the two part question of whether the government offered an agreement and whether or not Ruiz's attorney informed him as required." Id. Movant relies upon two recent Supreme Court decisions, Missouri v. Frye, 132 S. Ct. 1399, __ U.S. __ (2012), and Lafler v. Cooper, 132 S. Ct. 1376, __ U.S. __ (2012), for his claim that counsel's "conduct in advising the entry of an open plea without communicating any offer by the government or alternatively without attempting to negotiate a plea agreement constitutes ineffective assistance of counsel." Memo. at 7.

Movant's claim fails, however, because it is wholly speculative and conclusory. There are simply no facts to support the existence or the terms of a more favorable plea offer from the government, as movant alleges. Not only does movant fail to state any facts in support of his claim that the a plea agreement was offered, but he also neglects to explain what counsel could have done instead that would have resulted in such an offer.

Moreover, Frye and Lafler are plainly inapplicable here. Frye concerned an ineffective assistance of counsel claim

---

[1] A "Memorandum of Law with Attached Exhibits" is attached to movant's § 2255 motion.

resulting from counsel's failure to inform his client of a plea offer from the government before the offer expired; the defendant ultimately accepted a less favorable plea offer. 132 S. Ct. at 1404. Id. Lafler, on the other hand, concerned a defendant who rejected a plea offer based on his counsel's deficient advice, was convicted after trial, and received a more severe sentence than the one he would have had he accepted the plea offer. 132 S. Ct. at 1383.

As to Frye, movant offers no evidence that the government offered any plea bargain to counsel that counsel, in turn, failed to convey to movant. Additionally, movant fails to explain how counsel could have "pursu[ed]" a "binding plea agreement" that would have offered more favorable terms than the open plea he entered to his one-count indictment. Movant's Reply at 4. Thus, movant fails to meet his burden to show that counsel was constitutionally deficient.

As to Lafler, movant misstates the record with respect to the alleged failure of counsel to secure him a more favorable sentence. The record reflects that movant received a sentence 120 months below the statutory maximum of 480 months -- precisely because the court "accept[ed] [counsel's] recommendation . . . that a sentence at the bottom of the guideline range would be an appropriate sentence." Sent. Tr. at 27. In other words,

movant could have potentially received the statutory maximum had

he gone to trial, but he instead received a sentence well below

this amount when he pled guilty. Moreover, the record shows that

the movant's sentence, along with the court's denial of any

reduction for acceptance of responsibility, was based upon his

history as a career drug offender and his supplying of "false

information to the probation officer and . . . false information

to the Court." PSR at ¶¶ 42, 45-46; Sent. Tr. at 22. Movant

points to no actions by counsel that could have changed the

outcome of his sentence. Accordingly, it is clear to the court

that movant has failed to show prejudice. On this ground,

therefore, movant is entitled to no relief.

 2. <u>Counsel's Alleged Failure to Object to Application of</u>
 <u>the Sentencing Guidelines</u>

 In his second ground for relief, movant asserts that counsel

failed to object to the application of the "Career Offender"

provision under USSG § 4B1.1, when the government failed to

follow the procedures outlined in 21 U.S.C. § 851, concerning

notice of prior convictions. Memo. at 8-10. The court concludes

that this ground, too, is frivolous.

 The procedures in 21 U.S.C. § 851 are not required as part

of the application of the Career Offender provision in USSG

§ 4B1.1. Section 851 requires that

> a prosecutor provide notice of prior convictions upon
> which the Government intends to rely in seeking
> increased punishment. . . . [T]he notice requirement
> applies to persons convicted of an offense under Title
> 21 when the government seeks to enhance the maximum
> penalty under the recidivist provision of that statute.
> <u>The statute [requiring notice] does not apply, however,
> when sentencing is conducted under the Sentencing
> Guidelines and the defendant receives an increased
> sentence, which is within a statutory range.</u>

<u>United States v. Marshal</u>, 910 F.2d 1241, 1244-45 (5th Cir. 1990)

(internal citations omitted) (emphasis added).  That is, because

"the Sentencing Guidelines do not require that the defendant be

given notice when the Government intends to seek Career Offender

status," the government "need not give any such notice prior to

sentencing pursuant to the Sentencing Guidelines." <u>Id.</u>

Movant's reliance on <u>United States v. Dodson</u>, 288 F.3d 153

(5th Cir. 2002), and <u>United States v. Steen</u>, 55 F.3d 1022 (5th

Cir. 1995), is therefore misplaced. Both <u>Dodson</u> and <u>Steen</u>

involved defendants whose sentences were enhanced under the

recidivist provisions in 21 U.S.C. §§ 841 and 844--and not under

any of the provisions in the guidelines. <u>Dodson</u>, 288 F.3d at 158,

<u>Steen</u>, 55 F.3d at 1025. While movant's guideline range increased

because he was a career offender, his statutory-maximum sentence

remained the same under 21 U.S.C. § 841(b)(1)(B): a five-year

minimum-mandatory and a 40-year maximum prison sentence. <u>See</u> <u>also</u>

PSR at ¶ 73. Alternatively, movant's sentence under section 841

(b)(1)(B) would be enhanced to a *ten*-year minimum-mandatory to a maximum of *life*, had the government filed its notice under section 851. Movant therefore cannot show prejudice, since an objection from counsel would have been frivolous. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

As for movant's argument that counsel never informed him of the government's duties under section 851, Movant's Reply at 5-6, the court concludes that this complaint is likewise frivolous. The government was not under any duty to provide the notice; counsel, in turn, had not bound to inform movant of a non-existent duty.  Movant therefore has presented no argument entitling him to relief on this ground.

    3.   Counsel's Alleged Failure to Challenge the *Mens Rea* Issue on Appeal

In the next ground for relief, movant faults counsel for not properly arguing on appeal the issue of mens rea in the application of the sentencing guidelines. As movant asserts, counsel should have argued that movant lacked the "knowledge" prong under USSG § 2D1.1(b)(4);[2] in other words, movant lacked

---

[2]In relevant part, section 2D1.1(b)(4) of the guidelines provides: "If (A) the offense involved the importation of . . . methamphetamine . . . and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase by 2 levels." USSG § 2D1.1(b)(5) (formerly, USSG §2D1.1(b)(4)). Application note 18 provides, "If the offense involved importation of . . . methamphetamine, and an adjustment from subsection (b)(2) applies, do not apply subsection (b)(4)."

knowledge that methamphetamine was being imported from Mexico as part of the conspiracy. In support, movant asserts, "[movant] simply did not KNOW there was methamphetamine in the car[, he] had never purchased meth[,] and [he] was ONLY a cocaine customer and not something more." Memo. at 11. Citing United States v. Rodriguez, 666 F.3d 944, 947 (5th Cir. 2012), movant contends "had [counsel] actually researched the issue in this Circuit, he would have discovered that the exact question he preserved (whether or not [movant] was required to have knowledge [of the importation]), had yet to be decided," and "he reasonably would have concluded that he had what may have been a dead-bang winner." Memo. at 10-11. On appeal counsel did not frame the challenge as a mens rea issue, but instead argued it as a "relevant conduct" claim.[3]

Movant, however, fails to show that counsel was deficient for failing to raise the mens rea issue on appeal. The Fifth Circuit recently determined that section 2D 1.1(b)(4) does not "include such a scienter requirement for the importation

---

[3]In arguing the issue as a "relevant conduct" claim, counsel argued that movant "should not be held responsible for the methamphetamine" as part of his relevant conduct under Guideline § 1B1.3 "because it was not reasonably foreseeable to him." Ruiz, 436 Fed. App'x. at 361; Memo. at 10-11.

of . . . methamphetamine."[4]  United States v. Serfass, __ F.3d
__, 2012 WL 2161401, at *2 (5th Cir. June 15, 2012). As a result,
the section 2D1.1(b)(4) enhancement applies "regardless of
whether the defendant had knowledge of that importation."  Id.
Thus, movant can no longer rely on Rodriguez, 666 F.3d at 947,
for his argument that the mens rea issue remains unresolved in
the Fifth Circuit, and that counsel was obligated to press the
issue on appeal.

Under Strickland's two-prong analysis, counsel "is not
deficient for not raising every non-frivolous issue on appeal."
United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000).
Appellate counsel is bound only to bring "[s]olid, meritorious
arguments based on directly controlling precedent," United States
v. Williamson, 183 F.3d 458, 462-63 (5th Cir. 1999).  Because the
issue was not one based on a "on directly controlling precedent,"
Williamson, 183 F.3d at 462-63, counsel's decision not to raise
did not amount to constitutionally deficient representation. The
court therefore concludes that movant is not entitled to any
relief on this ground.

---

[4]In relevant part, section 2D1.1(b)(4) of the guidelines provides: "If (A) the offense involved the importation of . . . methamphetamine . . . and (B) the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role), increase by 2 levels." USSG § 2D1.1(b)(5) (formerly, USSG §2D1.1(b)(4). Application note 18 provides, "If the offense involved importation of . . . methamphetamine, and an adjustment from subsection (b)(2) applies, do not apply subsection (b)(4)."

4.   Sentencing Guidelines and Movant's Acceptance of
     Responsibility

The court now turns to movant's final ground for relief:
counsel's failure to object to alleged errors concerning the
acceptance of responsibility points.[5] On this issue, movant
states "that the exclusion of any and all acceptance of
responsibility points at sentencing was error." Memo. at 11.
Specifically, movant contends he "readily complied" with "each
prong" in section 3E1.I, and that to deny him "any and all
relief . . . for his acceptance of responsibility when . . . he
in every way and by definition, was contrite, timely pled, and
saved the government preparation for trial, is cumulative to his
claim of ineffective assistance in all claims." Id. at 27.

To the extent that movant faults counsel for his failure to
receive any reduction for acceptance of responsibility,[6] this
claim fails.  The record shows that counsel objected, albeit
unsuccessfully, to the court's decision not to award any
reduction for acceptance of responsibility. Def. Obj. at 1; Sent.

_____

[5]This ground is contained in section 4, titled "Merits and Argument in Support of Fourth
Point of Error," of movant's memorandum in support of his § 2255 motion, and in section (d) of
his reply to the government's response.  Memo. at 11-13, Movant's Reply at 9-10.

[6]Although it is unclear from the § 2255 motion whether movant's attack on his sentence is
lodged at the court or his counsel, movant's reply asserts this complaint is really framed as an
ineffective assistance of counsel claim. Out of an abundance of caution, however, the court has
considered his complaint as directed both to the court and to counsel.

12

Tr. at 4-5, 21-22. Movant fails to identify any argument or evidence counsel should have offered that would have resulted in a reduction for acceptance of responsibility. The fact that counsel was unsuccessful, without more, fails to movant was prejudiced. <u>Youngblood v. Maggio</u>, 696 F.2d 407,410 (5th Cir. 1983).

To the extent that movant contends the court erred in failing to give him that acceptance of responsibility credit, claims that a district court erred in its technical application of the guidelines are not cognizable on collateral review. <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994); <u>United States v. Faubion</u>, 19 F.3d 226, 233 (5th Cir. 1994). Moreover, this issue could have been raised on direct appeal. Movant has shown neither cause for his procedural default nor prejudice resulting from the error, and he does not allege that he is actually innocent. Consequently, he is barred from raising the issue on habeas review. <u>See</u> <u>United States v. Shaid</u>, 937 F.2d 228, 232 (5th Cir. 1991) (stating that a defendant cannot raise an issue for the first time on collateral review without showing both "cause" and "prejudice").

Accordingly, the court concludes that movant has failed to present a claim entitling him to relief on this ground.

13

V.

Order

Therefore,

The court ORDERS that the motion of Ocario Ruiz to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 27, 2012.

_____

JOHN McBRYDE
United States District Judge